Good morning. We have four cases for oral argument today. The last will be by, one of them will be by telephone. So, Brown v. McDonald. Counsel ready? Yes, Your Honor. Please proceed. Your Honor, may it please the Court. I'm representing Mr. Nathan Brown this morning in this appeal. This appeal presents the legal issue of whether Mr. Brown, based upon the undisputed facts and evidence before the Veterans Court, qualified as a prevailing party in that action under the Equal Access to Justice Act. And we believe that, based on that court's December 2012 order, that Mr. Brown received some judicially sanctioned relief on the right to have notice of his claim that was pending before the VA. I thought they just ordered the VA to provide information. Well, the notice is information. So your view is, if you file a mandamus petition and the court says to the Secretary, give us some information so we can decide this petition, that that qualifies you for prevailing party status? Only if it meets the Section 5104 notice requirement that makes the granted rating decision, that had already been granted, effective. But the court didn't make the notice effective, the grant effective. The Secretary made the grant effective. Well, I mean, under the law, the rating decision became effective when the court received that notice that was required by the court order. Can you point to me where in the court order it requires the Secretary to issue a decision? At the end of the court order, the court says the court will require the Secretary to respond with information about the status of the petitioner. Well, that doesn't say anything about ordering the Secretary to issue a decision. It doesn't say issue a decision, no. It says inform us of the status of the claim. But that's the problem you have, isn't it? That it just says, give us the status of this claim. If that qualifies as prevailing party status, then it would be prevailing party, even if the Secretary came back and said, we're still looking at this. Deny the mandamus petition. No, Your Honor, I don't think so. I think that because the VA had already granted the rating decision, in this particular case, the only thing that was missing was the VA 5104 notice that would make it effective. In the case where the VA has not. The court didn't order the Secretary to issue the decision or give notice, correct? You'd have a much better case if that was in the court order. They just said, give us information. Give us the status of the claim. You don't know that the VA wouldn't have eventually let your client know. They might have. They might have. Even though they took 11 years or some such. They might have. Going back to your question, Your Honor, about any time the information requested from the VA. If the claim, hypothetically, had not been granted by the VA before the court order, when the court ordered the VA to inform them of the status of the claim, the VA would have been required to inform the court that we have not granted the claim, that the claim is still in process and we're working on it. Now, in that particular hypothetical situation, if the VA had come back and looked at the file and said, well, it's a really good case and we need to grant it, in that case, the grant would have been voluntary, would have been required by the court. But in this case, where the VA has already granted the rating decision, the only thing that is missing is the 5104 notice that the court, in this case, ordered. The court didn't say, you know, you need to issue the 5104 notice. You keep saying the court required them to issue a notice. But there's nothing in the Veterans Court's decision that suggests they require the secretary to do anything except give them information. Let me ask you another hypothetical. If you'd filed this mandamus petition and in response, before the court did anything, the secretary went into court and said, we've already issued the decision. Here's the decision. And the court then dismissed the mandamus petition. You wouldn't have any claim for each of these there, right? No. What's the difference here? The only difference you have here is that the court ordered the VA to provide information. Well, the information about the status of the claim is whether the claim has been granted or the claim has been denied by the VA. And when they provide that status, when they notify the court and Mr. Brown that his claim has been granted, that substantially meets the requirement of the 5104 notice. But if that would meet the requirement for the – I mean, of course it meets the requirement for the notice, but that's not what the court ordered. That would be – what's distinguishable from your situation, the hypothetical I just asked, where they came back and provided voluntarily the fact that they'd already issued the decision? I see none. Well, I think in your hypothetical, the situation is voluntary where the VA comes in when the writ's filed or before the writ's filed and says we've issued the decision. I mean, we've granted the decision. Well, it's voluntary here too, right? I mean, again, the court didn't say issue a decision. No, the court didn't say issue a decision. It said inform us of the status of the claim. And so my argument is that – Isn't your argument really the catalyst theory? I don't think so, Your Honor. Why not? I mean, all you're saying is as a result of a request for information, the secretary did something that resulted in your client getting benefits. Well, because I think that – Wasn't the request for information not acted on? You did ask for information previously. Well, I would ask for information previously. We'd ask for the writing decision to be issued, and we didn't get either one. Then the court issued an order and said inform us of the status of the claim. So – Isn't your distinction from the catalyst theory that you believe that the VA's action was not voluntary? That's right. We believe it was not voluntary because the VA had to come in and respond truthfully to this court's order and inform the court that the status of Mr. Brown's claim was that we granted it a month and a half ago, two months ago, but we just haven't sent it out yet. And so when they issued that – Well, that wouldn't bother me except for the fact that you were already asking them for status and they weren't telling. That is, they hadn't sent out the notice. That's right. If you hadn't written to them and asked them for the status before you went into But when it doesn't respond to your request for information and you have to go to court, it seems to me that there's a distinction there from the catalyst theory. I think so. I think that in this case, the VA's action in responding and issuing the 5104 notice was not voluntary. It was issued only after we had to file a writ with the court and the court informed the parties of the status of his claim. So I think that the VA's response to that was not voluntary. It was required by the court's order. Whatever the result, I think it's a damn shame that you have to file a writ of mandamus to get action out of an agency which is supposed to serve your client. I'm just curious. If the VA had issued, mailed the order to you or your client back in October instead of December, would the veteran have received more benefits than it actually got from the mailing in December? Or is it basically the exact same amount? It's the exact same. It would be the same amount. He would have been paid in October. But until that notice is issued, the rating decision is not effective and he's not entitled to the benefits. So even if he needs the money, he doesn't get it until the VA decides to issue that 5104 notice. So there are two aspects to the merits in this case. And those two aspects are the rating decision has to be issued, has to be a granted. And secondly, the 5104 notice has to be made. The VA has to issue the rating decision to the veteran and his representative so that they know. And then at that point when the notice is issued, it becomes effective and he becomes entitled to those benefits. Until that notice is issued, he's not entitled to those benefits even though the rating decision has been granted. So I think that, I don't think it's the catalyst theory. I mean if the court had not ordered any relief, had not ordered the VA to come in and inform the parties in the court of the status of the claim, but the VA had done it voluntarily, then that would have been the catalyst theory. And we wouldn't have even filed a petition. So you're distinguishing between the catalyst theory as the VA responding to you doing something, which would clearly be the catalyst theory, as opposed to the court doing something, which is not the catalyst theory. Well, I think when... Let me ask you, do you know the case Brickwood? I remember it vaguely. I mean that was the catalyst theory too, if I recall correctly. And in that case, I think it was the court of federal claims that suggested that the government was probably going to lose. Nevertheless, this court held that because the government took voluntary action, even after a suggestion from a court that they were going to lose, that that still didn't qualify them as prevailing parties. How do we distinguish this case from Brickwood? Okay. In Brickwood, if I remember correctly, the judge at a hearing made those comments. And said to the Navy, it doesn't look good for you. And then the Navy, without any prompting, without any order from the court, decided to go ahead and change its behavior, and I think they decided to re-bid those claims. And so in that case… Isn't that even stronger? That's a kind of direction from the court that they're probably going to lose. And the government, yes, it's orally, but it's certainly from the court. Here, you don't have any indication one way or another from the veterans court about whether the secretary is going to lose. It's just a mere request for information. All right. The distinction is, in our case, you see, Mr. Brown had already won. I mean he'd already been granted his rating decision, but he didn't know about it. It wasn't effective. And here, the court didn't know, we didn't know, but the court ordered, unlike the court in Brickwood, the court… Here's the problem. If we agree with you, then every time the court issues a request for information, we're going to have to go behind that to determine whether subsequent or previous actions by the secretary makes that request for information sufficient to confer prevailing party status. And that seems entirely inconsistent with the way the Supreme Court has looked at this in all these other cases. And we've looked at this in these cases. Well, I understand that concern, but I think that when the evidence and the facts are undisputed, I think it's easy for the trial court or the veterans court to look at those facts and determine, for this court to do that, to look at the facts and determine whether it was just a request for information or it was a request for… But I really, I have trouble seeing where you draw the line. I mean, if you file a mandamus petition and say the VA's been sitting on my claim for six years, I want them to expedite review, and the secretary responds to the request for information that says, we're still working on the claim, but we anticipate it will be finished in a month. Is that prevailing party status? No, Your Honor, that's not prevailing party status because it's not the 5104 notice. It doesn't grant him any benefits. It's just a status. Mr. Cameron, you've got a minute and a half left. You reserved five. You want to keep the rest? I would like to keep the rest, Your Honor. Well, we're going to raise it to three minutes because we've been eating your time, so you have three minutes left. Did I answer your questions? Not satisfactorily. Add a couple to the government if they need it. Good morning. May it please the court. This court should affirm the veterans court's decision denying Mr. Brown's application for eejit fees. The veterans court correctly interpreted the term prevailing party. The agency believes that it acted voluntarily, is that right? The agency did act voluntarily. Mr. Brown filed a petition for writ of mandamus seeking adjudication of his claim. The claim had already been adjudicated. You had an order from the court, did you not? There was an order from the court seeking information. Do you have any veterans in the VA? Yes, there are veterans in the VA. One would think that they would know the difference between acting voluntarily and being ordered to do something. I agree, Your Honor. In this case, it was voluntary conduct on the part of the VA to provide the notification letter after the petition for writ of mandamus was filed. After the petition? No, after the order. After the order, the secretary could have provided information in the form of purely a status update about the status of the claim, informing the court that the decision had been made. And that you had not mailed it. And not mailed it. But in this case, the secretary voluntarily provided the notification letter at the time of informing the court of the status of the claim. You voluntarily said, yes, this is what we did two months ago. We voluntarily provided information about that the claim had been adjudicated, and we informed the secretary that the notification letter had been sent out. And it was later established below that the notification letter hadn't been sent out until after. What's the power of the agency to just deny notification of service connection forever? I don't know if I quite understand the question. Well, you know, supposing you just sat on it, your agency just sat on it and never told the veteran until, oh, let's say after he died. In that hypothetical, Your Honor, I could imagine circumstances in which the Veterans Court would grant the extraordinary relief of a petition for writ of mandamus. But in this case, it was a matter of weeks between the October ratings decision and a matter of roughly six weeks. What was the petition for the writ of mandamus? What did they seek? It sought adjudication of the claim. Mr. Brown did not realize, and understandably so, that the claim had been adjudicated in October 2012. Mr. Brown was not seeking a notification letter for a decision already made. So Mr. Brown's argument attempts to transform the Veterans Court decision seeking information about the claim. Did you oppose that petition for writ? Did we oppose the petition for writ? Yes. We did in response to the Veterans Court order seeking information about the claim. We opposed it because we informed the Veterans Court that the claim had been adjudicated, notification had been sent out. That court order was sent just a few days after the petition was filed. So Mr. Brown's argument would transform him into a prevailing party based on a court order that was issued before the Secretary even had an opportunity to respond to the petition for writ of mandamus. It was a relatively routine type of order that you would expect the court to issue after a petition for writ. Really? Yes. It would be the type of order that I would expect, that we would expect to see the Veterans Court issue to seek information about the status of the claim. How come the notice didn't get mailed out back in October? It probably should have been mailed out sooner than it was, and we can see that the record below suggests that it wasn't until the petition. Is there just some kind of, I don't know, almost customary delay in the VA in terms of being able to get these notification letters out about the granting of claims? I'm trying to understand how the process works. Typically they would be sent out very shortly after the ratings decision was made. So we can see that it appears that the petition had been filed and it was brought to the Secretary's attention. So maybe this is one that fell through the cracks somehow, that could have been hiding in that crack for months or even years? It may have fallen through the cracks. It also maybe would have been issued in their ordinary course of operations. But you said the ordinary course is typically right away, right? Typically it would be very shortly after. That's the ordinary course. It was longer than what would typically happen. I would agree with that. And it may have been the petition that brought notice to the Secretary that the notification letter had been sent, and it may have been the court order asking for information about the status of the claim that brought that information to the Secretary's attention. But that court order wouldn't have ordered the Secretary to send a notification letter. Didn't Mr. Brown send some kind of letter to VA after the VA had already granted his claim, but before he filed a writ of mandamus with the Veterans Court asking for a status report on his pending claim? He sought his ratings decision very shortly after. And you guys didn't respond to that. It is true in this case. It doesn't appear that there was a response to that. And because there wasn't a response, it appears that Mr. Brown filed this petition for a writ of mandamus. So ideally, it wouldn't take a petition for a writ of mandamus to bring to the Secretary's attention that the notification hadn't been sent out. But in that case, that's what perhaps happened. Does the VA routinely date correspondence and sends to veterans? Routinely provides a date, like a stamp date. In the notification letter here, there was a December 10th date on the letter. There was an issue below at the Veterans Court on whether that letter had actually been sent earlier in time than after the petition had been filed. But it was established that the initial letter provided to the Veterans Court that didn't have a date on it was- That it was originally the VA claimed it had sent it in October. That's correct, Your Honor, that it had sent it in October when the ratings decision was made. And it was subsequently corrected that it actually had not been sent. So that seems to indicate that the agency, in fact, had some kind of inherent error in this particular case, doesn't it? That you claimed it had been sent in October seems to indicate that you thought it should have been sent in October. The attorney perhaps did assume that it had been sent in October because the ratings decision said October. And even though it didn't have a date on it, it assumed that, as typically may happen, the letter had been sent shortly after the ratings decision had been made. And it wasn't until Mr. Brown provided the actual date stamped copy of the letter. So let's get back to my question that I started with. And I don't know that I got an answer that fully answered. And that is, what's the nature of the power of the agency to simply not issue a decision? The agency does not have the power to simply not issue a decision. In this case, there was a remand order in the agency. It takes time after remand to develop the record. But the agency would need to eventually make a decision and notify Mr. Brown of the decision. So it's not an unlimited power. There needs to be a timely decision made after remand. But it takes time. And in this case, October 2011 was when the last remand order was issued. And the ratings decision wasn't made until October of 2012. And even that length of time, it takes time for these things to develop. And one can imagine that's not that long of a time for after remand. There was a March 2012 examination of Mr. Brown, right? There was a March 2012 examination of Mr. Brown. And because there was an examination subsequent to the remand, it's another reason it takes additional time for a decision to be made. Do you want to talk about the catalyst theory? Yes, Your Honor. Mr. Brown sought adjudication of his claim. The claim had already been adjudicated. The veterans court found that it was moot and dismissed it accordingly. Mr. Brown has never contested the properness of that final order dismissing his claim as moot because it was moot. Even if Mr. Brown's adjudication had taken place after the petition was filed, it still would be moot. It would be clear what Mr. Brown was attempting to do here would be to recover attorney's fees under the catalyst theory because the secretary was never ordered to adjudicate the claim. Are you aware of any cases where EJIA fees have been granted even though there wasn't a tribunal that actually touched the merits of the claim? Well, a number of remand cases by this court have found that there's sufficient prevailing party status simply by virtue of a remand if there's an administrative error or the court finds an administrative error. But in those cases, the court has found that that remand order is sufficient to be released on the merits. So it still needs to be released on the merits. And in this case, all we have is this initial order, very preliminary order, and Your Honor mentioned the Brickwood case. But whatever the merits. Refusal to notify a litigant of the result of their case effectively decides the case, doesn't it? Yes, Your Honor. Mr. Brown would need to have notification of the status of his case, the decision made, because there are consequences to having that final decision. Given what you've said, that notice should have been sent out in October, if Mr. Brown hadn't come to the court, how long can we presume it would have taken before the VA acted? He had asked you to. Conceivably, the VA could have acted absent a petition for mandamus. I don't have – Conceivably, it could have not acted. Conceivably, it could have. And we would agree that – But think about what you just said. Conceivably, it could have not acted. Conceivably, hypothetically, it is always possible that the Secretary would not act. And Mr. Brown filing a petition for mandamus seeking relief could have acted as a catalyst to the VA acting. And we agree that at best, that's what the record looked like below, that that petition acted as a catalyst for the Secretary to send out the notification. So as soon as he filed the petition, you sent out the notice without an order from the court? No, Your Honor, it wasn't after the initial – but the initial court order was issued just a few days after the petition for mandamus was filed seeking information from the Secretary. Well, that sort of tells you there's something wrong there, too. That it wasn't until – conceivably, the notification could have been sent out absent the court order once it came to the attention of – Anything is possible in the best of all possible worlds. But this particular letter, this particular court order seeking information, we would agree that it probably led to looking – well, it did lead to looking further into the status of the claim. And then having realized that the ratings decision had been made, sending out the notification letter. But I'd like to return to that initial court order. Mr. Brown's argument that that court order that's relatively routine, that was issued before the Secretary even had an opportunity to respond to the petition for a demandamus, how many of those types of orders does the court issue every year? You say it's relatively routine. Well, they do that a lot. Maybe I'm supposed to say it's relatively routine. It could be – one could expect that's a type of order that the Veterans Court would issue. And there are those – the Veterans Court has issued those types of orders before. And the Veterans Court ruling – Wait, wait, wait. There's a difference between has issued and relatively routine. How often does the Veterans Court tell the agency that it needs to provide the status of a case when someone asks? I don't have a number of times. But I do know the Veterans Court – the rules of the Veterans Court provide that the Secretary needs to have an opportunity to respond to a petition for a demandamus before the petition is granted. The Veterans Court could act absent a response if it's denied. So it's similar to the Veterans Court rules. You're not answering my question. Is it the answer you don't know? No. A search of the case block, there are a number of – I don't know the number of times in a given year, but this type of order seeking information about the status of the claim is not unusual. Maybe routine might be too strong of a word. But I don't know within a given year. But there are a number of times, just look at the case block, that you can find – Do you have any sense of how many demandamus petitions are filed at the Veterans Court every year? I don't have a sense of the number, no, Your Honor. So routine maybe was too strong of a word. But it is the type of order that you could expect the Veterans Court to issue seeking information about the claim before acting on the petition for demandamus. So if there are no further questions, we request that this Court affirm the Veterans Court decision denying Mr. Brown's application for each of these. Thank you, counsel. Mr. Cameron. I just want to respond very briefly. First, in terms of Mr. Brown's request for relief to the Veterans Court in filing his writ of demandamus, page 31 of the appendix will show you what we asked for. And I think that we asked for the Court to order the Secretary to issue the writing decision. The issue of the writing decision is the 5104 notice. Granting the writing decision is a separate matter. So I think that – I want to emphasize that there are two different issues to this merits question. And I think that in this unique – the Court had set a deadline and said, Secretary, respond to this demandamus petition in 14 days. And that's all they said. And the Secretary came back exactly as they did and said, we've granted the application and here's the decision. Would that be prevailing party status? If the Secretary – the VA had already granted the writing decision, and as a result of the Court's order – But all the Court ordered them to do was respond to your demandamus petition. Well, the demandamus petition asked for the Secretary to issue the writing decision. But the Court order doesn't say anything about the writing decision. It just says respond to the petition. Respond to the petition. Right. I understand what you're saying. But the whole point of the petition is the writing decision. Well, of course. But what's the difference between the Secretary, before the Court issues a response to an order requiring them to respond, coming in and saying we've already granted the decision, and then – or a bare order from the Court saying respond to the petition and they come in. I think that in the circumstances of this case where the Court ordered the VA to provide the status of Mr. Brown's claim – Well, I understand that you're trying to make a distinction between providing status, but I'm asking a different hypothetical. And I just – it seems to me that if you think that even ordering the Secretary to respond to your petition is enough for prevailing party status, then anything the Court says is going to give you prevailing party status. I don't think that respond to the petition may be strong enough. But I think where the Court actually orders the VA to provide the status of the claim and the status of the claim has previously been granted, I think that then the Court is essentially ordering the VA to issue the 5104 notice. Wrap up, Mr. Cameron. Okay, that's my spot. All right. And the number of writs at the Veterans Court, probably find that on the Veterans Court's website if you needed to. Thank you.  Thank you, counsel.